# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Court File No. 15-cv-2448 DSD/JSM

Jane Dettmer,

           Plaintiff,                  **JOINT RULE 26(f) REPORT**

    v.

Jostens, Inc.,

           Defendant.

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for July 7, 2015 at 10:30 AM before the United States Magistrate Judge Janie S. Mayeron in Chambers 9E of the U.S. Courthouse in Minneapolis, Minnesota. The parties do not request that the pretrial be held by telephone.

(a) Description of the Case.

    (1) Concise factual summary of plaintiff's claims:

        **Plaintiff, who worked for Defendant for over 25 years until Defendant fired her, alleges that Defendant violated her rights under the Family and Medical Leave Act and the Minnesota Human Rights Act.**

    (2) Concise factual summary of defendant's claims/defenses:

        Defendant contends that Plaintiff was discharged for legitimate business reasons after she was found to have violated Defendant's attendance policy and incurred excessive unexcused and non-FMLA related absences during a rolling 12-month period.

    (3) Statement of jurisdiction (including statutory citations):

        **Plaintiff has asserted claims arising under federal and state law. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.**

    (4) Summary of factual stipulations or agreements:

**None.**

(5) Statement of whether a jury trial has been timely demanded by any party:

**Plaintiff has timely demanded a jury trial.**

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**The parties do not agree to resolve this matter under the Rules of Procedure for Expedited Trials. Or as Plaintiff put it, they don't request an expedited trial.**

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

**Process has been served on the Defendant and the Complaint and Answer have been timely filed. At this time the parties do not anticipate seeking to add additional parties to the action.**

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) Defendant proposes the parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **July 3, 2015**. Plaintiff proposes August 1, 2015.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **November 1, 2015. Plaintiff reserves the right to object to any Rule 35 examinations.**

(3) The parties must commence fact discovery procedures in time to be completed by **February 1, 2016**.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) **25** interrogatories;

(B) **50** document requests;

(C) **5** factual depositions;

(D) **30** requests for admissions;

(E) **1** Rule 35 medical examinations **(Plaintiff reserves the right to object to any Rule 35 examinations)**; and

(F) **N/A** other.

(d) Expert Discovery.

(1) The parties anticipate that they **will not** require expert witnesses at the time of trial.

    (A)    The plaintiff anticipates calling **0-1** experts in the fields of: **economic damages.**

    (B) The defendant anticipates calling **0-1** experts in the fields of: **economic damages.**

(2) The parties propose that the Court establish the following plan for expert discovery:

    (A)    Initial experts.

        (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **October 1, 2015**.

        (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 15, 2015**.

    (B) Rebuttal experts.

        (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **November 15, 2015**.

        (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **December 1, 2015**.

3

(3) All expert discovery must be completed by **January 1, 2016**.

(e) Other Discovery Issues.

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed protective order/report identifying areas of disagreement].
(The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

**The parties agree to file a stipulation for protective order and a proposed protective order if one party requests materials the other party believes are confidential but otherwise discoverable. The content and scope of the proposed protective order will be similar to LR Form 6, available at http://www.mnd.uscourts.gov/local_rules/forms/FORM-6-Stipulation-for-Protective-Order.pdf.**

(2) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

**Plaintiff proposes that the parties agree to produce PDFs or TIFFs of any electronically stored information. Plaintiff further proposes that the parties reserve the right to request an electronic document in its native format if the need for the native format outweighs the burden of production.**

**Defendant requests the Court to See Attached proposed protocol for the discovery of Electronically Stored Information**

(3) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

**To the extent either party raises a claim of privilege in response to any discovery requests, the claiming party will describe the nature of the materials or information in a manner that will enable other parties to assess the claim, as required by the Federal Rules of Civil Procedure.**

4

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **September 1, 2015**.

(2) Motions seeking to amend the pleadings must be filed and served by **September 1, 2015**.

(3) All other non-dispositive motions must be filed and served by **February 15, 2016**.

(4) All dispositive motions must be filed and served by **March 1, 2016**.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after **August 1, 2016**.

(2) The parties propose that the final pretrial conference be held on or before **August 1, 2016**.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**At this time, Defendant is unaware of any applicable insurance coverage.  Defendant will provide additional details as they become available.**

(i)  Settlement.

(1) The parties are not in a position to discuss settlement at this time.

(2) The parties propose that a settlement conference be scheduled to take place before **August 1, 2016**.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

**The parties do not believe that ADR will not be productive at this time. If things change, the parties will reach out to the Court to request a settlement conference with Magistrate Judge Mayeron.**

**Plaintiff notes Defendant told Plaintiff it isn't interested in engaging in settlement discussions, which signaled to Plaintiff early ADR would be futile.**

(j)  Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Dated:  June 15, 2015

_s/Joshua R. Williams_

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEY FOR PLAINTIFF**

Date: June 16, 2015

_s/ Anthony de Sam Lazaro_

Kathryn Mrkonich Wilson (#283605)
kwilson@littler.com
Anthony de Sam Lazaro (#0380302)
adslazaro@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT JOSTENS, INC.**

6