# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane E. Dettmer,<br><br>    Plaintiff,<br><br>vs.<br><br>Jostens, Inc.,<br><br>    Defendant. | **Court File No. 15-2448 DSD/JSM**<br><br>**PROTOCOL REGARDING THE EXCHANGE OF ELECTRONIC INFORMATION** |

Pursuant to the Court's pretrial scheduling order, the parties telephonically met and conferred about electronic discovery on July 13, 2015. Plaintiff was represented at the conference by Joshua R. Williams, Law Office of Joshua R. Williams, PLLC, 3249 Hennepin Avenue S, Suite 216, Minneapolis, MN 55408. Jostens was represented at the conference by Anthony de Sam Lazaro, and Niloy Ray, Littler Mendelson, PC, 80 South 8th Street, Suite 1300, Minneapolis, Minnesota. After discussion, the parties jointly propose the following plan for the production of electronic discovery.

**A. General Terms**

 1. <u>Application</u>. The procedures set forth in this Protocol shall govern the production of "documents" and "electronically stored information" ("ESI") as those terms are used by Rule 34(a) of the Federal Rules of Civil Procedure, including paper documents that have been converted to ESI.

 2. <u>Objective</u>. This Protocol is designed, and shall be interpreted to, encourage meaningful cooperation and information sharing between counsel and to minimize the cost and burden of producing ESI and paper document collections that are converted to

ESI while preserving and producing reasonably available relevant ESI. Any practice or procedure set forth herein may be varied by written agreement of the Parties.

3. <u>Objections Preserved</u>. Nothing in this Protocol shall be construed to affect in any way the rights of any Party to object to the discoverability, relevance, or admissibility into evidence at the trial of this action, of any materials.

4. <u>Reservation of Rights</u>. The Parties reserve all rights under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any relevant Orders of the Court for matters relating to the production of ESI that are not specifically addressed in this Protocol.

5. <u>Costs</u>. Each Party shall be responsible for its own costs of responding to discovery requests, except as otherwise agreed or ordered by the Court. None of the Parties waive their right to assert that cost-shifting is appropriate as to any request for preservation or discovery request made of that Party.

6. <u>Preservation</u>. The Parties recognize the importance of their respective obligations to preserve evidence, whether electronic or physical, that relates to the claims and defenses in this action. Each Party represents that it is taking reasonable steps to preserve documents and accessible ESI that relate to the matters of this action. Notwithstanding the foregoing, all Parties agree that none is required to search or preserve inaccessible sources of ESI where the cost or burden of preservation is excessive as compared to the relevance or value of the information.

7. <u>Production and Review Methodology</u>. In general, the process of review and production will consist of the Parties:

a. identifying and agreeing upon an initial list of persons whose files are likely to contain ESI or documents relevant to Plaintiff's or Defendant's claims or defenses;

b. selecting the methods for efficiently and cost-effectively preserving, collecting, reviewing and producing such materials;

c. meeting-and-conferring about the costs associated with the harvesting, processing and production of all sources of documents or ESI, and about who shall bear these costs pursuant to Federal Rules of Civil Procedure 26(b)(2)(B) and 26(b)(2)(C);

d. identifying and retrieving responsive documents and ESI;

e. reviewing the responsive documents and ESI for relevance and responsiveness and identifying those documents and ESI that contain privileged information; and

f. processing the documents and ESI to be produced in conformance with Paragraph B.1 below, subject to timely written objections to formal or informal requests for production by either party.

8. <u>Inaccessible ESI and Proportionality</u>. The parties shall meet and confer regarding the costs associated with the harvesting, processing and production of sources of ESI that are not reasonably accessible due to undue cost or burden and for such sources where the burden or expense of production outweighs its likely benefit.

9. <u>Claw-back Agreement</u>. Prior to the production of any ESI, the Parties shall execute a claw-back agreement that provides for the automatic and immediate return or sequestration of any document that is claimed privileged or protected by the Producing Party. Nothing in this Protocol shall constitute a waiver by any Party of any claim of privilege or other protection from discovery.

10. <u>Claims of Privilege</u>. Pursuant to Federal Rule of Civil Procedure 26(b)(5), each party will inform the other of information being withheld on the basis of attorney-client privilege, work-product protection, or other applicable protection from discovery, and will describe the information being withheld in sufficient detail to enable the other

party to assess the basis of such withholding. If any Party believes that a withheld document may not properly be withheld from production, that party shall notify opposing counsel. Within ten (10) business days of such notification, the parties shall confer in an attempt to resolve the dispute over the withheld document. If the parties are unable to resolve the dispute within ten (10) business days of the Requesting Party's notification, the party seeking disclosure of the document may file an appropriate motion to compel, including a request that the Court review the documents *in camera*.

**B.     Production Parameters**

1.     <u>Form of Production.</u>  Unless otherwise agreed to by the Parties or ordered by the Court, Plaintiff will, on a going forward basis, produce information in a PDF format, and Defendant will, on a going forward basis, produce ESI and documents in a TIFF image format, each with appropriate designation as to the starting page and ending page of each document or other file being produced. The TIFF or PDF images will be endorsed with a Bates number that identifies the Producing Party and a Confidentiality designation pursuant to the Court's pretrial scheduling order and/or any Protective Order to be agreed to by the parties. Subject to Paragraph 2 below and as provided in Federal Rule of Civil Procedure 26(b)(2)(E)(iii), no Party shall be required to re-produce any previously produced document or ESI in a different form. The Parties agree to meet-and-confer if there is a particularized need for the production of metadata related to a particular document or other file.

2.     <u>Particularized Need Required for Native Production</u>.  Unless otherwise specified herein, a Requesting Party must make a request for native versions of specific

ESI, but no Party may seek to compel production of native format files of electronic documents on a wholesale or categorical basis. Any request for the re-production of specific ESI in its native format must be made within thirty (30) days from the date the Requesting Party received the ESI it seeks to have re-produced. If at any time a Producing Party deems a Requesting Party's demand for native format documents to be excessive, the Parties will meet-and-confer regarding the scope of this request and narrow the native file production to those documents for which the Requesting Party has demonstrated a particularized need.

3. <u>Database Discovery</u>. For all ESI that resides in a database, the Parties will meet-and-confer as necessary regarding the proper and appropriate means to produce such information, but in no event shall any Party be required to grant direct access of its databases or other electronic information systems to another Party.

4. <u>Production Media</u>. The Producing Party shall produce ESI on readily accessible, computer or electronic media, including without limitation, hard drive, CD-ROM, or DVD, or such other media as the Parties may agree upon ("Production Media"), along with a load file or files sufficient to load it into the Requesting Party's review tool. The Producing Party shall affix a unique identifying label to each piece of Production Media, which shall identify the sequence of the material in that production.

5. <u>Preservation of Original Documents</u>. The Producing Party shall retain copies of native-format files for all ESI produced in this Litigation. The Producing Party shall take reasonable measures to maintain such copies in a manner so as to preserve the metadata associated with these electronic materials.

6. <u>Document Families</u>. If a file is a part of a group or family that has been linked or associated through an application (including without limitation e-mails with attachments, linked databases, and presentations linking to or embedding other files) (a "Document Family"), the Producing Party shall make reasonable efforts to preserve the unity of such Document Family, as it existed in the Producing Party's original file, network, or computer.

7. <u>Redactions</u>. The Parties agree that the following categories of protected information are not subject to production and, to the extent, such information appears as part of a document it shall be removed or redacted prior to production:

    a. information related to a claim of attorney-client privilege, work-product protection or other privilege or protection afforded under prevailing law;

    b. personal information, including personal information of current and former employees and medical information related to Defendants' employees, customers and contractors;

    c. proprietary, trade secret, commercial or financial information; and

    d. information that is otherwise restricted from disclosure by pre-existing third-party agreement or by operation of law, including data protected by government security clearances.

7. <u>Appearance</u>. Subject to redactions by the Producing Party, each document's electronic image shall, to the extent reasonably practicable, convey the same information and image as the original document.

Dated: July 15, 2015

                                              *s/ Janie S. Mayeron*
                                              JANIE S. MAYERON
                                              United States Magistrate Judge